

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# USA v. Sheika

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sheika" (2008). *2008 Decisions.* Paper 61.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/61

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1127
_____

UNITED STATES OF AMERICA

v.

GEMAL SHEIKA
also known as
Jimmy,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(Honorable William G. Bassler)
05-cr-00067-1

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 12, 2008

Before: McKEE and ROTH, *Circuit Judges*, and O'NEILL, *District Judge*[*]

(Filed December 23, 2008  )

_____

OPINION OF THE COURT

_____

[*] The Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

McKee, *Circuit Judge.*

Gemal Sheika appeals his conviction and sentence for conspiracy to commit credit card fraud and mail fraud, credit card fraud and mail fraud. He raises 12 claims of error in this appeal, some of which have sub-parts. Wearily, we find ourselves inspired yet again to repeat the words of our colleague Judge Aldisert:

> With a decade and a half of federal appellate court experience behind me, I can say that even when we reverse a trial court it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors. I have said in open court that when I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption nevertheless that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

Aldisert , "The Appellate Bar: Professional Competence and Professional Responsibility-A View From the Jaundiced Eye of One Appellate Judge," *Capital University Law Review* 445, 458 (1982). Nevertheless, we conclude that one of the defendant's contentions does have merit. We will therefore vacate the judgment of sentence and remand for resentencing.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not recite the factual or procedural background in detail.

One of Sheika's arguments is that the district court improperly added a two-level enhancement to his offense level under U.S.S.G. § 2B1.1(b)(10)(C)(ii). An increase is

required under this section if "the offense involved . . . the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification[.]" *Id.* Sheika argues that any credit cards Khaled Nijem or Issam Matar may have obtained from (or in the name of) the cardholders could not be considered in support of this enhancement because the credit card holders, themselves, were active participants in the scheme. Sheika raised this argument at sentencing.

The Application Note to this section of the Sentencing Guidelines states that the subsection will apply only where "such a means of identification shall be of an actual (not fictitious) individual, other than the defendant or a person for whose conduct the defendant is accountable . . . ." U.S.S.G. § 2B1.1, Application Note 9(A). Because the credit card holders were active participants in the scheme, Sheika is accountable for their conduct under § 1B1.3(a)(1)(B), rendering § 2B1.1(b)(10)(C)(ii) inapplicable to the offense conduct. *Cf. United States v. Newsome*, 439 F.3d 181, 187 (3d Cir. 2006) (fake drivers licenses that displayed the pictures of defendant's co-conspirators contained innocent victims' personal identifying information and, thus, involved "actual . . . individual[s] other than the defendant or a person for whose conduct the defendant is accountable under § 1B1.3").

The government concedes the merit of this argument, but asserts that Sheika is not entitled to a remedy "because the error did not affect his substantial rights." We reject this contention, because we have held that "we will remand for resentencing 'unless [we]

3

conclude on the record as a whole . . . that the error did not affect the district court's selection of the sentence imposed.'" *United States v. Langford*, 516 F.3d 205, 215 (3d Cir. 2008) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)) (alteration in original). The government suggests only that Sheika's conduct could have qualified for a different enhancement, specifically U.S.S.G. § 2B1.1(b)(10)(B)(i). However, the application of that subsection seems equally questionable and was, in any event, not argued in the district court. Nor are we persuaded by the government's suggestion that Sheika "has already received a significant break" because the sentencing judge rejected the PSR's recommendation of enhancements for abuse of trust and obstruction of justice. Each enhancement should be considered on its own merits and not in the aggregate.

II.

Since the Guideline calculation was incorrect in this instance, we cannot be certain that the district court would have imposed the same sentence. For a criminal history category of I and offense level of 27, the Guidelines recommend 70-87 months imprisonment. Based on this calculation, the district court stated that "in light of all of the circumstances, [a] sentence in the middle of the range is appropriate" and sentenced Sheika to 78 months. With a corrected offense level of 25, the Guidelines advisory range is 57-71 months imprisonment. We will therefore remand to the district court for

resentencing in light of this opinion. We find no merit in the remainder of Sheika's

contentions.[2]

---

[2] Sheika's brief raised the following additional arguments: (1) the district court erred in denying defendant's motion to suppress statements made by Sheika to the FBI prior to indictment or arrest; (2) the district court erred in denying defendant's motion for new trial "as the evidence of two conspiracies was a substantial variance from the indictment that unduly prejudiced the defendant; (3) the district court erred in denying a motion for judgment of acquittal as to count one; (4) the district court erred in denying the motion for judgment of acquittal as to count three; (5) the district court erred in denying defendant's motion for a new trial based on a sleeping juror; (6) the defendant was deprived of a fair tiral based upon the admission of evidence regarding similar prior "bad acts"; (7) the defendant was deprived of a fair trial based upon the admission of allegedly "expert testimony" from a law witness regarding suspicious activity on Sheika's merchang account; (8) defendant was deprived of a fair trial based upon the admission of inadmissible bank records; (9) the court erred in allowing summary testimony regarding fraudulent credit card transactions; (10) defendant was prejudiced by the testimony of an FBI agent who opined as to the defendant's guilt (and counsel was ineffective for not moving for a mistrial based on this testimony, despite corrective instruction given by the judge); (11) the district court erred in finding for purposes of sentencing (a) the total loss amount was $417, 389.29; (b) the number of victims was 15; (c) the offense was sophisticated under U.S.S.G. § 2B1.1(b)(9)(C)(i); and (d) defendant was not a minimal or minor participant; (12) trial counsel was ineffective for 37 different reasons (which we will not list as this is not a proper subject for a direct appeal).